**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

NESTOR EDUARDO TORRES LOZADA,

Petitioner,

v.

WARDEN, MOSHANNON VALLEY PROCESSING CENTER, et al.

Respondents

3:26cv1566

ELECTRONICALLY FILED

**MEMORANDUM ORDER GRANTING IN PART, DENYING IN PART, AND DISMISSING IN PART PETITIONER TORRES LOZADA'S *PRO SE* PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 (DOC. 1)**

Pending is Petitioner Nestor Eduardo Torres Lozada's *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Doc. 1).

## I. BACKGROUND

On August 13, 2026, Petitioner filed his *pro se* habeas petition, supporting brief, and a Motion to Expedite. (Doc. 1, Doc. 2, Doc. 3).

On August 17, 2026, the Court denied Petitioner's Motion to Expedite. (Doc. 4).

On September 9, 2026, Respondents filed their response in opposition to Petitioner's habeas petition. (Doc. 7).

On September 11, 2026, Petitioner filed a Motion for Immediate Habeas Relief. (Doc. 8).

On September 16, 2026, Respondents filed their response in opposition to Petitioner's Motion for Immediate Habeas Relief. (Doc. 10).

On September 28, 2026, Petitioner filed a Emergency Supplemental Motion for Immediate Release. (Doc. 11).

On October 9, 2026,Petitioner filed a Notice of Supplemental Facts and Request for Prompt Ruling on Emergency Motion for Immediate Release. (Doc. 12).

On October 26, 2026, Petitioner provided the Court with a copy of a Motion he filed with the Immigration Court. (Doc. 13).

While not part of the Record, the Court's review of the Department of Justice's Executive Office for Immigration Review Automated Case Information System indicates that on October 27, 2026, the Immigration Judge ("IJ") granted voluntary departure as to Petitioner and Petitioner has until November 27, 2026, to appeal this decision to the Board of Immigration Appeals ("BOA"). *See* https://acis.eoir.justice.gov/en/caseInformation (last visited October 28, 2026).

Accordingly, Petitioner's habeas petition has been fully briefed and is ripe for adjudication.

## II. DISCUSSION AND CONCLUSIONS

The Court interprets Petitioner's *pro se* habeas petition to contain three claims: (1) Petitioner's due process rights are being denied because he is being detained without being provided a bond hearing as required by 8 U.S.C. § 1226(a) ("Section 1226(a)"); (2) Petitioner's constitutional rights are being denied because he is not being provided proper access to the immigration court with respect to his removal proceedings; and (3) Petitioner's constitutional rights are being denied because he is not being provided adequate medical care.

In response to Petitioner's habeas petition, Respondents first assert that Petitioner is entitled to a bond pursuant to Section 1226(a) and that he must request one. (Doc. 7 at 3, 6).

Respondents then contend: "Petitioner provides no records relating to his medical condition or interactions with medical staff," and "Petitioner's allegations of inadequate medical care are conditions of confinement claims that are not cognizable in habeas." (*Id.* at 3-4).

**A. Petitioner is Not Required to Request a Bond Hearing Pursuant to Section 1226(a)**

This Court currently has before it a habeas petition where the respondents originally took the position in their response to the petitioner's habeas petition that the petitioner was entitled to a bond hearing pursuant to Section 1226(a). *See Simprelus v. Oddo et al.*, Civ. No. 3:26-1848 (W.D. Pa.). Based on this position, the petitioner requested a bond hearing pursuant to Section 1226(a). At the bond hearing, counsel for the Department of Homeland Security ("DHS") took a position contrary to the respondents' position before this Court and argued that the petitioner was not entitled to a bond hearing pursuant to Section 1226(a). Ultimately, the immigration judge ("IJ") agreed with DHS's position, and ruled that the respondent is an arriving alien and thus, the IJ lacks jurisdiction, *i.e.*, Petitioner was not entitled to a bond hearing pursuant to Section 1226(a).

Based on the respondents' seemingly inconsistent positions, the Court ordered a status conference. At the status conference, counsel for the respondents explained that at the bond hearing, DHS counsel had taken the position he did in light of recent guidance received with respect to the decision of the United States Court of Appeals for the Third Circuit in *Buele Morocho v. Warden Philadelphia FDC,* 189 F.4th 287 (3d Cir. 2026) as applied to a detainee that DHS considers to be an arriving alien.

In light of the fluidity of the positions taken by the parties in alien habeas detainee cases as to whether a detainee's detention is governed by 8 U.S.C. § 1125(b) or 8 U.S.C. § 1226(a), the

Court finds that it is in the interests of justice to not require Petitioner to request a bond hearing pursuant to Section 1226(a) and to adjudicate Petitioner's habeas petition on its merits.

Accordingly, the Court now addresses the merits of Petitioner's habeas petition.

**B. Petitioner is Entitled to a Bond Hearing Pursuant to Section 1226(a)**

Petitioner asserts, and Respondents do not dispute, that Petitioner: (1) is a citizen and national of Colombia; (2) entered the United States ("U.S.") on or about July 29, 2017, after being inspected and admitted as a nonimmigrant visitor with a B1/B2 visa; (3) remained in the U.S. after his visa expired; (4) was detained by ICE on July 30, 2026, approximately three months ago; and (5) currently is housed at Moshannon Valley Processing Center. (Doc. 1).

Additionally, as set forth above, while not part of the Record, the Court's review of the Department of Justice's Executive Office for Immigration Review Automated Case Information System indicates that on October 27, 2026, the IJ granted voluntary departure as to Petitioner and Petitioner has until November 27, 2026, to appeal this decision to the Board of Immigration Appeals ("BOA"). See https://acis.eoir.justice.gov/en/caseInformation (last visited October 28, 2026). Accordingly, Petitioner currently is not subject to a final order of removal.

Based on these facts, the Court finds that Petitioner's detention is governed by Section 1226(a), *see Buele Morocho v. Warden Philadelphia FDC*, 189 F.4th 287 (3d Cir. 2026), and as such, Petitioner is entitled to an individualized bond hearing that comports with due process, and not, as requested by Petitioner, immediate release under reasonable supervision conditions.

**C. Petitioner's Remaining Claims are Dismissed**

The Court finds that Petitioner's remaining claims, which the Court has interpreted to be that Respondents violated Petitioner's constitutional rights to: (1) access to the immigration court; and (2) adequate medical care do not amount to the "extreme" case where a condition of

confinement claim is a cognizable habeas action. *See Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 324 (3d Cir. 2020); *see also Folk v. Warden Schuylkill FCI*, No. 23-1935, 2023 WL 5426740, at *1 (3d Cir. Aug. 23, 2023) (explaining: "A conditions-of-confinement claim is cognizable in § 2241 proceedings 'only in extreme cases'.") (quoting *Hope*, *supra.*) (cleaned up). Accordingly, these claims are dismissed.

## III. CONCLUSION

Accordingly, the Court GRANTS Petitioner's habeas petition and ISSUES the writ on these terms: (1) Respondents shall cause Petitioner to be taken to a neutral immigration judge ("IJ") of the Executive Office of Immigration Review for an individualized bond hearing to occur within 30 days of this Order, or else release Petitioner by such date; (2) Respondents shall ensure that such a hearing includes the required due process, *i.e.*, at a minimum, factfinding based on a record produced before the decisionmaker and disclosed to Petitioner; an opportunity to make arguments on the Petitioner's behalf; and the right to an individualized determination of Petitioner's interests. *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022); and (3) Petitioner shall be responsible for securing the necessary transcripts and record of the bond hearing. The Court trusts the IJ to comply with this Order and ensure that Petitioner is provided due process, and therefore, the IJ shall explain his or her individualized determination on the record. *See Kamara v. Atty Gen. of U.S.*, 420 F.3d 202, 212 (3d Cir. 2005).

Otherwise, Petitioner's habeas petition is DENIED to the extent that Petitioner seeks immediate release, and is DISMISSED as to Petitioner's constitutional claims concerning his

right to access to the immigration court and his receipt of inadequate medical care.

SO ORDERED this 28th day of October, 2026,

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: ECF Counsel of Record

NESTOR EDUARDO TORRES LOZADA
222514776
MOSHANNON VALLEY PROCESSING CENTER
LEGAL MAIL - Open in Presence of Detainee
555 GEO DRIVE
PHILIPSBURG, PA 16866